UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LARRY D. SCHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:15cv544 |
| | ) |
| CAROLYN COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed by the Plaintiff, Larry D. Schall, on January 17, 2017. The defendant Commissioner has indicated to the court that she has no objection to the award of fees.

Discussion

On October 18, 2016, this court entered a judgment in the case vacating the decision of the Commissioner and remanding the case for further proceedings. Plaintiff's counsel is now requesting fees in the amount of $5,060.00, calculated at the rate of $185 per hour, for 13.3 hours of attorney time, and $100 per hour for 26.0 hours of non-attorney time.

For a Social Security disability claimant to obtain an award of attorney's fees against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, this court must find: (1) that the claimant was prevailing party; (2) that the claimant had a net worth not exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is based was not substantially justified and that there are no special circumstances which make an

award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

A Social Security disability claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits is a "prevailing party". *Shalala v Schaefer*, 113 S.Ct. 2625, 2632 (1993). In the present case, the October 18, 2016 order remanding the case qualifies Plaintiff as a prevailing party. Also, the Plaintiff has submitted an affidavit testifying that his net worth did not exceed two million dollars at the time the action was filed. The Commissioner has not disputed this affidavit.

With respect to the third criteria, the government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 556, n. 2 (1988). The government has the burden of establishing that its position was substantially justified. *Berman v. Schweiker*, 713 F.2d 1290, 1295 (7th Cir. 1983). In the present case, the government has conceded Plaintiff's position.

Lastly, the date of the Order of the Court is October 18, 2016, and ninety (90) days from that date would be through and including January 17, 2017. Thus, the motion for fees is timely.

As all four criteria have been met in this case, the only remaining issue is whether the requested fees are appropriate. Under 28 U.S.C. Section 2412(d)(2)(A) attorney's fees shall not be awarded in excess of $125.00 per hour unless the Court determines an increase in the cost-of-living justifies a higher fee. Plaintiff's attorney has requested $185.00 per hour based on the change in the cost-of-living from March 1996, which is the base rate mentioned in the statutes through and including December 2015 which is the first date that counsel began work on the

federal court case. As noted earlier, the Commissioner has not objected to the hourly rate or the number of hours.

Accordingly, as all criteria for an award of EAJA fees has been met and the amount requested is reasonable, the motion will be granted.

<u>Conclusion</u>

On the basis of the foregoing, Plaintiff's motion for EAJA fees [DE 33] is hereby GRANTED.

Entered: February 23, 2017.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court